*Windham,*
*February,*
*1826.*

EBER M. BARBER, plaintiff below, *vs.* SAMUEL RIPLEY and OREA DOOLITTLE, defendants below.—*IN ERROR.*

Error will lie from a judgment of the county court, dismissing a suit with costs, founded on *motion;* for it is otherwise a final disposition of the suit.

A judgment overruling an amendment previously made in a suit, does, *ipso facto,* and of necessity, restore the process to the state in which it was, before the process was made.

THE plaintiff brought his action against the defendants, before a justice of the peace, in which he declared against them, in a plea of the case as follows:

"For that, whereas, heretofore, to wit. on the 12th day of August, 1824, at, &c. in consideration that the plaintiff, at the special instance and request of the defendants, would deliver to the

defendants a certain horse of him the said plaintiff, of great va- <span>*Windham,*<br>*February,*<br>*1826.*</span>
lue, to wit. the sum of eighty dollars, in exchange for a certain
mare of the defendants, and five dollars endorsed upon a note
the defendants then held against the plaintiff, the said defend- <span>Barber<br>*vs.*<br>Ripley, *et al.*</span>
dants undertook and promised, that said mare of the defendants
was then and there sound ; and the said plaintiff avers, that he,
confiding in the said promise and undertaking of the defendants,
did, afterwards, to wit. on, &c. at, &c. deliver to the said de-
fendants, the said horse of him the plaintiff, in exchange for the
said mare of them the defendants; and for the said sum of five
dollars, then and there endorsed on said note, in favour of the
defendants, against the said plaintiff: yet the said defendants,
contriving, and fraudulently intending to injure the said plain-
tiff, did not perform or regard their said promise and undertak-
ing ; but thereby craftily and subtilly deceived the said plaintiff
in this, to wit. that the said mare, at the time of the making of
said promise and undertaking of the said defendant, as aforesaid,
was not sound, but on the contrary thereof, was at that time un-
sound : whereby the said mare became and was of no use or
value to the said plaintiff, to wit. at, &c. aforesaid, to the dam-
age of the said plaintiff, as he says, the sum of seventy dollars;
for the recovery of which, &c."

At the trial before the justice, the plaintiff moved for, and ob-
tained leave to amend his declaration, by striking out all after
the words, *"in a plea of the case,"* and inserting in lieu of them
the following :

"For that, whereas, the said plaintiff on, &c. at, &c. bargain-
ed with said defendants to exchange with said defendants a cer-
tain horse of the plaintiff, of a large value, to wit. of the value of
eighty dollars, for a certain mare of the defendants; and the
said defendants then and there, well knowing the said mare to
be unsound, and not fit for use, by then and there falsely and
fraudulently warranting the said mare of them, the defendants,
to be sound, then and there falsely and fraudulently exchanged
the said mare of them the defendants, with him the plaintiff, for
the said horse of the said plaintiff, and the sum of five dollars,
then and there endorsed upon a note the defendants then held
against the plaintiff; which mare of the said defendants, at the
time of the said warranty and exchange thereof, was diseased
and unsound, and not fit for use, and hath from thence hitherto
so remained and continued, and still doth so remain and contin-
ue ; and so the plaintiff saith, that the said defendants on, &c.
at, &c. falsely and fraudulently deceived him, the plaintiff, to wit.
at Townshend, aforesaid."

To this amendment, the defendants objected at the time, but
the objection being overruled, a trial was had, and judgment
being rendered for the plaintiff, the defendants appealed to the
county court.

At the county court, the objection to the amendment, author-
ized by the justice, was renewed by the defendants. Where-

*Windham,*
February,
1826.

Barber
*vs.*
Ripley *et al.*

upon, the county court decided "that the plaintiff might amend his said declaration, so far as to strike out therefrom all the words following the words *'plea of the case'*; and, that the plaintiff might *not* amend the same, so far as to insert in lieu thereof, the second declaration above recited."

The defendants, upon this, moved the Court, that the action be dismissed, for want of a declaration, and for judgment for their costs. The county court accordingly dismissed the action, and rendered judgment in favour of the defendants, for their costs.

The plaintiff thereupon brought this writ, assigning for errors in the record of the county court, the following :

1. *The common error.*

2. That it appears by the record and proceedings aforesaid, that the judgment rendered by the honourable county court, in manner aforesaid, was relative to a question raised before the justice from whence the appeal was taken, upon a motion made by the plaintiff to amend his declaration, by striking out certain words, and inserting others therein set forth ; which amendment was permitted by said justice, upon such conditions as he, in his discretion, did prescribe—and the said conditions having been complied with, the amendment was conclusive upon the parties.

3. That it appears by the record and proceedings aforesaid, upon the question to amend, by striking out certain words, and inserting others, the honourable county court did decide, that the plaintiff may amend by striking out the words proposed to have been stricken out, and may not amend, by inserting the words proposed to have been inserted, which sort of amendment, and order by the court, was not called for by the plaintiff.

4. That it appears, that the judgment of the honourable county court, given in form aforesaid, "that the said action be dismissed for want of a declaration," was given, when, according to the laws of this state, there was, either with the amendment proposed by the plaintiff, or without it, a good and sufficient declaration in said action.

*Phelps,* for the plaintiff, after reading the record, was stopped by the Court, who said they would hear the other side.

*Kellogg,* for the defendants, contended. that the decision of the county court, dismissing the action, was not a judgment from which error would lie, it being an exercise of those discretionary powers, necessarily vested in every court. That the amendment before the justice, was one which he had not power to authorize—that it was of *substance;* whereas, the statute of *Jeofails* only extends to matters of form ; and, therefore, the county court did right in overruling the amendment.

*Bradley,* on the same side, insisted, that the amendment before the justice was a *substitution* of one cause of action for another, an alteration from *assumpsit* to *tort,* which is inadmissible; and was, therefore, properly overruled. That, for the same reasons, the county court could not permit the substitution of

the new declaration; and there being consequently no declaration, a judgment for the defendants, upon their motion *to dismiss*, was the only possible judgment which could have been rendered in the case.

*Windham,*
*February,*
1826.

Barber
*vs.*
Ripley *et al.*

The opinion of the Court was delivered by

Royce, J. The present plaintiff commenced his action before a justice of the peace, against the defendants, on the warranty of a horse, alleged to have been sold by them to the plaintiff. That action, though now denominated by the plaintiff's counsel in argument, an action on the case in *tort*, was unquestionably an action of mere *assumpsit*. In the declaration, there is no *scienter* alleged, nor any thing to mark it as a declaration in *tort*, except mere formal words, which are often inserted in the most common declarations in *assumpsit*. The plaintiff made a motion before the justice, for liberty to amend, by striking out his original declaration, and inserting, in lieu thereof, a declaration in deceit, upon a *false warranty*, in which the *scienter* is expressly alleged, with the other averments properly belonging to such a declaration. This motion, though resisted by the defendants, was allowed, and the cause proceeded to trial. Judgment having passed against the defendants, they took an appeal, professedly from both decisions of the justice. In the county court the defendants renewed their objections to the amendment, and called for the decision of the court upon the right of the plaintiff to have such an amendment made. The court decided, that the plaintiff might amend, by striking out his original declaration, but had no right to insert the substituted declaration. Upon this, the defendants moved the Court, to dismiss the suit, with costs, on the ground, that the plaintiff, having expunged his original declaration, and not being allowed to substitute the other, had no declaration before the Court. This motion was sustained by the Court, the action was dismissed, and the defendants recovered their costs, and took execution for the same, upon which this writ of error is brought.

A preliminary objection is taken, that error will not lie upon the dismissal of an action. But it will lie, for it is a final disposition of the suit. It is not like interlocutory orders and directions, in the progress of a cause, which are, for the most part, matters of mere discretion. The judgment and execution for costs, are decisive. (*Reynolds & wife* vs. *Robinson. Franklin county*, 1822. This was error upon the judgment of the county court, in dismissing a suit as not appealable.)

The question then, is, whether the county court erred in ordering the action dismissed? This question has been treated at the bar, as necessarily involving the inquiry, whether the justice could legally permit the amendment. But the Court consider that inquiry to be distinct from the present. If, indeed, the first declaration, or the substituted one, had been altogether void, both in form and substance, perhaps a motion to dismiss might supercede the necessity of a demurrer. But each of the

declarations is unexceptionable, and perfectly good of its kind, and the motion was not made for any deficiency in either of them. What, then, is the consequence of overruling an amendment

previously allowed in the suit? It obviously must be, to restore the proceeding to the state in which it was.. An amendment is but an alteration; and when that is revoked, the original stands as if never altered at all. Therefore, *without* discussing the propriety of the amendment, we think it was not competent *to* the county court, to divest the plaintiff of both his declarations: for, by taking away the last, they naturally restored the first; unless he declined to accept, and act upon the first, which does not appear.

Judgment of county court reversed.

*Charles Phelps* and *Jonathan Hunt,* for the plaintiff.

*Daniel Kellogg* and *Wm..C. Bradley,* for the defendants.